UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMERICAN BUILDERS &
CONTRACTORS SUPPLY CO., INC. d/b/a
ABC SUPPLY CO, INC.,

            Plaintiff,                        **DECISION AND ORDER**

      v.                                     6:20-CV-06302 EAW

CR1 CONTRACTINC, LLC and
CHRISTOPHER KARL RIDSDALE,

            Defendants.
_____

## INTRODUCTION

Plaintiff American Builders & Contractors Supply Co., Inc. d/b/a ABC Supply Co., Inc. ("Plaintiff") commenced this action on May 8, 2020, asserting claims to recover the price of goods, the value of an account stated, and for unjust enrichment arising out of deliveries of construction materials to defendant CR1 Contracting, LLC ("CR1") for which CR1 allegedly did not pay invoices governed by a credit agreement ("Credit Agreement"). (Dkt. 1). The Credit Agreement was personally guaranteed by defendant Christopher Karl Ridsdale ("Ridsdale," collectively with CR1, "Defendants"). (*Id.*). Defendants have not appeared in the action and after entry of default (Dkt. 9), Plaintiff filed a motion for default judgment (Dkt. 11). On September 30, 2021, the Court granted in part and denied in part the motion for default judgment. (Dkt. 14). Specifically, Plaintiff was awarded $75,146.80

in damages representing the price of goods sold and $146.40 in litigation costs, but the motion was denied without prejudice as to Plaintiff's request for interest and attorneys' fees. The Court permitted Plaintiff to file a renewed motion for pre- and post-judgment interest and attorneys' fees within 30 days of the September 30, 2021 Decision and Order. Presently before the Court is Plaintiff's renewed motion for pre- and post-judgment interest and attorneys' fees. (Dkt. 17). For the reasons set forth below, Plaintiff's renewed motion is granted.

## FACTUAL BACKGROUND

The factual background of this case is set forth in detail in the September 30, 2021 Decision and Order, familiarity with which is assumed for purposes of this Decision and Order. To the extent relevant, the Court addresses any factual contentions contained in the renewed motion below.

## DISCUSSION

### I. Standard for Entry of Default Judgment

Federal Rule of Civil Procedure 55 sets forth the procedural steps for entry of a default judgment. First, a plaintiff must seek entry of default where a party against whom it seeks affirmative relief has failed to plead or defend in the action. Fed. R. Civ. P. 55(a). "Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also* Fed. R. Civ. P. 55(b). "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*

*v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992). "The court must conduct an inquiry to ascertain the amount of damages with reasonable certainty." *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1992)). "A court may make a damages determination upon a review of detailed affidavits and documentary evidence." *Gov't Emp. Ins. Co. v. Erlikh*, 16-CV-7120-DLI-SJB, 2019 WL 1487576, at *24-25 (E.D.N.Y Feb. 28, 2019) (citing *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991)).

**II.**     **Damages Sought in Plaintiff's Renewed Motion**

In addition to payment for invoices that Plaintiff alleges have not been paid or have been partially paid, Plaintiff seeks prejudgment interest at a rate of 1.5 percent, which it calculates at $40,395.90, and post-judgment interest at the statutory interest rate pursuant to 28 U.S.C. § 1961. Plaintiff also seeks attorneys' fees in the amount of $4,500. In the September 30, 2021 Decision and Order, the Court denied without prejudice Plaintiff's requests for these damages on grounds that Plaintiff had not adequately and clearly supported its entitlement to this relief. Plaintiff has now remedied these deficiencies.

**A.**     **Interest**

**1.**     **Prejudgment Interest**

The Credit Agreement provides that "[i]n the event that Buyer fails to make payment when due, Buyer will pay, in addition to the invoice amount, a monthly late payment charge

of 1.5%." (Dkt. 11-3 at ¶ 1). In the September 30, 2021 Decision and Order, the Court concluded that prejudgment interest at the 1.5 percent rate provided for in the Credit Agreement was appropriate. But in the previous submissions, the Court was unable to discern whether Plaintiff's position is that the 1.5 percent penalty applies immediately on the first day the invoice payment is late or whether interest accrues after the first month elapsed.

In its renewed motion, Plaintiff now clarifies that the 1.5 percent late payment charge is calculated from the date the payment was actually late, that is, the eleventh day after the date of the invoice. Plaintiff has provided a copy of each of the unpaid invoices as well as a spreadsheet indicating each invoice number, invoice date in chronological order, principal amount, due date, end date, days overdue, interest rate at 1.5 percent monthly, interest accrued, total amount outstanding, and the exhibit page number for that invoice. (Dkt. 17-3 at 2-73; Dkt. 17-2 at ¶ 2). The Court concludes that the renewed submissions sufficiently indicate how the stated late charges relate to the amount sought as damages by Plaintiff. The Court accordingly concludes that Plaintiff is entitled to recover prejudgment interest in the amount of $40,395.90.

### 2. Post-judgment interest

With regard to the rate of post-judgment interest, the Second Circuit has instructed that "under [28 U.S.C.] § 1961, federal district courts must apply the federal rate of post-judgment interest to judgments rendered in diversity actions. . . ." *Cappiello v. ICD Publications, Inc.*, 720 F.3d 109, 112 (2d Cir. 2013). This statute sets the rate of post-

judgment interest "at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of the judgment[]" beginning from the date of the judgment.  28 U.S.C. § 1961.  "[P]arties may by contract set a post-judgment rate at which interest shall be payable[.]" *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 101 (2d Cir. 2004).  However, "in order to override the statutory interest rate the contract 'must actually indicate the parties' intent to deviate from § 1961.'" *HICA Educ. Loan Corp. v. Girard*, No. 7:11-CV-0595 LEK/TWD, 2012 WL 3241406, at *3 (N.D.N.Y. Aug. 7, 2012) (quoting *Westinghouse*, 371 F.3d at 102).  In its initial submissions, Plaintiff did not address the applicability of 28 U.S.C. § 1961 in the request for post-judgment interest.  On the instant motion, Plaintiff confirms that the Credit Agreement does not indicate the parties' intent to deviate from 28 U.S.C. § 1961.  Accordingly, Plaintiff concedes and the Court concludes that post-judgment interest shall accrue at the statutory rate under 28 U.S.C. § 1961, and not at the higher rate of 1.5 percent per month set forth in the Credit Agreement.

### B.    Attorneys' Fees

Finally, Plaintiff seeks attorneys' fees pursuant to the Credit Agreement, which provides:

> Buyer agrees to pay all costs of collection by Seller of any amounts due hereunder, including actual attorneys' fees.  Buyer further agrees that, in the event any action arising out of or related to the Agreement between Buyer and Seller, and Seller prevails, Buyer will pay Seller its actual attorney's fees and other costs incurred as a result of or in connection with such action.

(Dkt. 11-3 at ¶ 2).  The personal guaranty signed by Ridsdale further provides that he agrees to pay "all costs of collection, legal expenses and attorneys' fees paid or incurred by [Plaintiff] in the collection of [CR1's] indebtedness and in enforcing this [personal guaranty]."  (Dkt. 4-1 at 2).  In the September 30, 2021 Decision and Order, the Court concluded that the Credit Agreement is sufficiently clear that Defendants agreed to pay Plaintiff's attorneys' fees.

But as the party seeking payment of attorneys' fees, and in order to demonstrate the reasonableness of the fees sought, Plaintiff is obligated to provide the Court with information allowing it to assess the reasonableness of the fees sought.  In its initial motion for default judgment, Plaintiff sought a total of $3,450 in attorneys' fees based on approximately 5.8 hours for preparing the motion and 3.4 hours preparing the original and amended complaint at a rate of $375 per hour, but submitted no information as to counsel's professional experience or contemporaneous time records for the work performed.  (*See* Dkt. 11-1 at 7; Dkt. 11-6 at ¶ 9).  Plaintiff has now supplemented its filings to provide information as to each timekeeper, hours worked, hourly rate, and billed amount.  (Dkt. 17-4 at 2).  Plaintiff has also submitted detailed time records (Dkt. 17-4 at 3-12), and the resume and experience of Sean Lowe, the attorney who completed most of the work on the case (Dkt. 17-5).  The supplemented records provide the Court with a better basis to evaluate the reasonableness of the fees sought.

"A reasonable hourly rate is 'the rate a paying client would be willing to pay,' 'bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary

to litigate the case effectively.'" *McLaughlin v. IDT Energy*, No. 14 CV 4107 (ENV)(RML), 2018 WL 3642627, at *16 (E.D.N.Y. July 30, 2018) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)). "To determine reasonable hourly rates, the Court considers this Circuit's adherence to the forum rule, which states that a district court should generally use the prevailing hourly rates in the district where it sits." *Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. D & A Bus Co.*, 270 F. Supp. 3d 593, 617-18 (E.D.N.Y. 2017) (citing *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 175-76 (2d Cir. 2009)); *see Carbin v. N. Resolution Grp., LLC*, No. 12-CV-1108JTC, 2013 WL 4779231, at *3 (W.D.N.Y. Sept. 5, 2013) ("There is a presumption in favor of the hourly rates employed in the district in which the case is litigated."). However, courts need not strictly adhere to the forum rule in all cases. Instead, reasonable attorney fee rates may vary "depending on the type of case, the nature of the litigation, the size of the firm, and the expertise of its attorneys." *Kindle v. Dejana*, 308 F. Supp. 3d 698, 704 (E.D.N.Y. 2018) (quotation marks omitted).

In this case, Plaintiff's attorneys calculated a lodestar amount of $14,886.50, but seek a fee of only $4,500. (*See* Dkt. at ¶ 7). In calculating the lodestar amount, Plaintiff's attorneys recorded fees ranging from $95 per hour up to $425 per hour, but indicate that Plaintiff is only requesting an award of fees for one partner who bills at a rate of $340 an hour. And for that attorney, Plaintiff seeks only half of the fees he incurred. In light of those reductions and having reviewed the billing records provided, the Court finds the

rates sought and hours expended on this case as reflected in those records to be generally reasonable. Indeed, the time and labor expended by counsel in this case have not been excessive or redundant and Plaintiff's counsel has provided competent and professional representation throughout the proceeding. Moreover, counsel has procured a result favorable for Plaintiff and the fee sought is a small percentage of the recovery awarded. For these reasons, the Court concludes that a fee award of $4,500 is reasonable.

## CONCLUSION

Based on the foregoing analysis, Plaintiff's renewed motion for interest and attorneys' fees is granted. Plaintiff is awarded $40,395.90 in prejudgment interest and post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961. Plaintiff is awarded attorneys' fees in the amount of $4,500. Plaintiff shall serve a copy of this Decision and Order on Defendants at their last known addresses and shall file proof of service of the same.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     May 9, 2022
           Rochester, New York