UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMERICAN BUILDERS &
CONTRACTORS SUPPLY CO., INC. d/b/a
ABC SUPPLY CO, INC.,

          Plaintiff,                    **DECISION AND ORDER**

       v.                                 6:20-CV-06302 EAW

CR1 CONTRACTINC, LLC and
CHRISTOPHER KARL RIDSDALE,

          Defendants.
_____

## INTRODUCTION

Plaintiff American Builders & Contractors Supply Co., Inc. d/b/a ABC Supply Co., Inc. ("Plaintiff") commenced this action on May 8, 2020, asserting claims to recover the price of goods, the value of an account stated, and for unjust enrichment arising out of deliveries of construction materials to defendant CR1 Contracting, LLC ("CR1") for which CR1 allegedly did not pay invoices governed by a credit agreement personally guaranteed by defendant Christopher Karl Ridsdale ("Ridsdale," collectively with CR1, "Defendants"). (Dkt. 1). Defendants have not appeared in the action and after entry of default (Dkt. 9), Plaintiff filed a motion for default judgment (Dkt. 11). On September 30, 2021, the Court granted in part and denied in part the motion for default judgment. (Dkt. 14). Specifically, Plaintiff was awarded $75,146.80 in damages representing the price of

- 1 -

goods sold and $146.40 in litigation costs, but the motion was denied without prejudice as to Plaintiff's request for interest and attorneys' fees. Plaintiff filed a renewed motion for pre- and post-judgment interest and attorneys' fees (Dkt. 17) and on May 9, 2022, the renewed motion was granted and Plaintiff was awarded $40,395.90 in prejudgment interest, post-judgment interest was to accrue pursuant to 28 U.S.C. § 1961, and Plaintiff was awarded attorneys' fees in the amount of $4,500 (Dkt. 22).

Presently before the Court is Plaintiff's motion to compel Ridsdale's compliance with an information subpoena to a judgment debtor and to recover the costs, penalties, and attorneys' fees incurred in preparing this motion. (Dkt. 28). For the reasons set forth below, Plaintiff's motion is granted.

## FACTUAL BACKGROUND

The factual background of this case is set forth in detail in the September 30, 2021 Decision and Order and May 9, 2022 Decision and Order, familiarity with which is assumed for purposes of this Decision and Order.

Relevant to the instant motion, following the entry of default judgment, Plaintiff served an information subpoena on Ridsdale on March 24, 2022. (Dkt. 29 at ¶ 6; Dkt. 29-1). The subpoena seeks information about Ridsdale and CR1 and its shareholders relating to bank accounts, business records, assets, accounts receivable, and debts. (Dkt. 29-1 at 6-13). Ridsdale was personally served, acknowledged receipt of the information subpoena, and initially advised Plaintiff's counsel that he was preparing responses thereto. (Dkt. 29-3). However, no responses were provided despite several letters sent by Plaintiff's counsel

to Ridsdale, prompting Plaintiff to file the instant motion to compel. Ridsdale did not respond to the motion.

## DISCUSSION

I.  **Legal Standard for Post-judgment Discovery**

"Post-judgment discovery is governed by Federal Rule of Civil Procedure 69 . . . ." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134 (2014). Rule 69(a)(2) provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."

"The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment." *EM Ltd.*, 695 F.3d at 207. "The purpose of discovery under Rule 69(a)(2) is to allow the judgment creditor to identify assets from which the judgment may be satisfied and consequently, the judgment creditor should be permitted to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor." *Iron Workers Dist. Council of W. N.Y. & Vicinity Pension Fund v. D.C. Scott, Inc.*, No. 10-CV-6373, 2013 WL 1004215, at *2 (W.D.N.Y. Mar. 13, 2013) (quoting *T-M Vacuum Prod., Inc. v. Taisc, Inc.*, No. CIV.A. H-07-4108, 2008 WL 5082413, at *2 (S.D. Tex. Nov. 25, 2008)); *see also Blue Citi LLC v. 5Barz Int'l Inc.*, No. 16-CV-9027 (VEC), 2019 WL 10890126, at *1 (S.D.N.Y. Feb. 6, 2019) ("[B]road post-judgment

discovery in aid of execution is the norm in federal and New York state courts." (quoting *EM Ltd.*, 695 F.3d at 207)).

Sections 5223 and 5224 of New York's Civil Practice Law and Rules ("CPLR") govern the service of and requirements for the issuance of an information subpoena. *Jones v. Milk River Cafe, LLC*, No. 17-CV-3120 (TAM), 2022 WL 3300027, at *3 (E.D.N.Y. Aug. 11, 2022) ("Under New York law, a judgment creditor can use an information subpoena to compel disclosure of information relevant to a judgment debtor's satisfaction of the judgment." (quoting *Soundkillers LLC v. Young Money Ent., LLC*, No. 14-CV-7980 (KBF) (DF), 2016 WL 4990257, at *3 (S.D.N.Y. Aug. 2, 2016), *report and recommendation adopted*, No. 14-CV-7980 (KBF), 2016 WL 4926198 (S.D.N.Y. Sept. 15, 2016)). "An information subpoena may be served 'by registered or certified mail, return receipt requested,' N.Y. C.P.L.R. § 5224(a) (3), or may be served 'in the same manner as a summons,' N.Y. C.P.L.R. § 2303(a)." *Giuliano v. N.B. Marble Granite*, No. 11-MD-00753 JG VMS, 2014 WL 2805100, at *4 (E.D.N.Y. June 20, 2014).

"If the recipient of an information subpoena fails to respond within seven days, a court may order compliance." *Plaza Motors of Brooklyn, Inc. v. Rivera*, No. 19-CV-6336 (LDH), 2021 WL 4356011, at *2 (E.D.N.Y. Sept. 24, 2021) (citing CPLR 2308(b)(1)). "In addition to a $50.00 penalty and costs up to $50.00, CPLR § 2308(b)(1) authorizes an award of 'damages sustained by reason of the failure to comply,' . . [and] [d]amages 'include reasonable attorneys' fees incurred in making the motion to compel and enforcing the information subpoena.'" *Buffalo Laborers Welfare Fund v. Leone Constr., Inc.*, No.

1:18-CV-544-EAW-JJM, 2021 WL 5119720, at *2 (W.D.N.Y. Nov. 4, 2021) (quoting *Giuliano*, 2014 WL 2805100, at *4).

## II.     Plaintiff's Motion

Here, Plaintiff submitted the declaration of attorney Scott Bernstein (Dkt. 29), a copy of the information subpoena (Dkt. 29-1), and an affidavit of service (Dkt. 29-2) in support of its motion to compel. The affidavit of service states that the information subpoena was personally served on Ridsdale.

The Court is satisfied that the information subpoena was served in conformance with the CPLR and that its content complies with CPLR 5224. Ridsdale did not timely assert any objections to the discovery sought, and the Court presumes he has none. Accordingly, Plaintiff's motion to compel is granted. Ridsdale is directed to respond to the information subpoena in its entirety, and to mail his responses to the Plaintiff's attorney within thirty days of the date of this Decision and Order.

In addition, Plaintiff seeks damages in the amount of $1,706.34, comprised of $36.34 in costs, a penalty of $50.00, and $1,602.00 in attorneys' fees incurred in effecting compliance with the information subpoena. Plaintiff has provided billing records including information identifying the timekeeper, hours worked, hourly rate, and billed amount. (Dkt. 29-7). The Court has reviewed the submissions and does not find the time spent or fees sought to be unreasonable or redundant. Ridsdale's failure to provide information in response to the subpoena or respond to the pending motion contributes to a conclusion that

damages are appropriate. For these reasons, the Court finds that a damage award of $1,706.34 is reasonable.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to compel (Dkt. 28) is granted. Ridsdale is directed to respond to Plaintiff's information subpoena within thirty days of this Decision and Order. In addition, Plaintiff is awarded $1,706.34 in costs, damages, and penalties pursuant to CPLR 2308. Ridsdale shall pay Plaintiff that amount within thirty days of this Decision and Order. Plaintiff shall serve a copy of this Decision and Order on Defendants at their last known addresses and shall file proof of service of the same.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:	November 7, 2022
	Rochester, New York